UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERRY TALBERT** § | |
| § | |
| § | Civil Action No.: 2:23-cv-2496 |
| *Plaintiff,* § | |
| VS. § | |
| § | Judge: |
| **IMPERIAL FIRE & CASUALTY** § | |
| **INSURANCE COMPANY** § | |
| § | Magistrate: |
| *Defendant.* § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFF CHERRY TALBERT ("PLAINTIFF"), through undersigned counsel, files this Original Complaint against Defendant, IMPERIAL FIRE & CASUALTY INSURANCE COMPANY ("DEFENDANT") and, in support of the causes of action asserted herein, respectfully sets forth as follows:

### I. PARTIES

1)   Made Plaintiff herein is CHERRY TALBERT, a person of the age of majority, residing in and domiciled in Orleans Parish, Louisiana.

2)   Made Defendant herein is IMPERIAL FIRE & CASUALTY INSURANCE COMPANY ("IMPERIAL FIRE") a foreign insurer incorporated under the laws of the State of North Carolina, with its principal place of business located at 5630 University Parkway, Winston-Salem, NC 27105, and authorized to do and doing business in Jefferson Parish and the State of Louisiana.  Defendant may be served with process through its registered agent for service: **Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.**

## II.   JURISDICTION AND VENUE

3) Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.

4) Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District and the property that is subject to the dispute between Plaintiff and Defendant is located in this District.

## III.   FACTUAL BASIS

5) At all times relevant hereto, Plaintiff owned the property located at 7 Admiralty Court, New Orleans, LA 70131 (the "Property").

6) At all times relevant hereto, IMPERIAL FIRE provided a policy of insurance (bearing policy number 2006163857) to Plaintiff which covered the Property against perils including hurricanes/windstorms (the "Policy") and provided the following coverages: 1) $438,697 for dwelling, 2) $43,870 for other structures, 3) $219,349 for contents and personal property, and 4) $87,740 for additional living expenses and loss of use, *inter alia*.

7) On or about August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana as a Category 4 with winds of 150 mph causing catastrophic damage across the region.

8) As a result of the storm, Plaintiff's Property sustained substantial exterior damage, as well as damage to the interior and contents, specifically including: water intrusion through the roof resulting in water damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring.

9) The extensive damage necessitated massive repairs, as well as additional living expenses and costs of mitigation and debris removal.

10) Upon discovering the damage, Plaintiff promptly filed a claim with IMPERIAL FIRE, who assigned claim number 210457737, and in compliance with the Policy, Plaintiff began mitigating the loss as quickly as possible.

11) On September 28, 2021, Defendant inspected the Property and documented damages to the dwelling and other structures. The inspection was brief and failed to document the full scope of damages resulting in an estimate grossly underreporting the extent of damage. After over-depreciating the loss and applying the Policy's deductible, did not allow Complainant any benefits under the policy.

12) The inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

13) Despite receiving this proof of loss, Defendant has yet to tender adequate insurance proceeds pursuant to its contractual obligation.

14) Defendant has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

15) Defendant has persisted in refusing to pay the full amount due for Plaintiff's claim. No reasonable basis exists or has existed at any time for Defendant's delay and/or refusal to provide covered benefits due and owing under the Policy.

16) Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to repair of the Property.

17) At all times relevant hereto, Plaintiff has complied with her obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and

cooperating with the insurer during the investigation of the claim

18) Upon information and belief, Defendant purposefully and/or negligently failed to timely tender proceeded due to Plaintiff after having received satisfactory proof of loss.

19) Upon information and belief, Defendant purposefully and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

20) Upon information and belief, Defendant conducted the investigation and claims handling for Plaintiff in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

21) Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value and over depreciated Plaintiff's losses.

22) Upon information and belief, Defendant purposefully, or at least negligently, failed to include adequate overhead and profit in its estimates of damages.

23) Plaintiff have incurred additional expenses in making repairs because Defendant failed to timely compensate Plaintiff for their losses under the Policy.

24) Plaintiff have incurred professional expenses, including expert and/or attorneys' fees, to deterring that the Defendant wrongfully failed to adequately/timely pay Plaintiff's claims under the Policy.

25) Plaintiff have incurred or may incur additional living expenses as a result of the damages caused to the Property.

26) At and during the time of the acts and/or omissions complained of herein, and acts and /or omissions committed by an agent, representative, or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants. Said Defendant is therefore liable to Plaintiff for the acts and or omissions of any such agent, representative, or employee complaints of herein by virtue of such agency relationship.

## IV.  CAUSES OF ACTION

### A. Breach of Contract

27) Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs 1-26, above as if restated herein.

28) Defendant owes a duty to its policy holder to make prompt and proper payment for all claims, to make its policy limits available to insureds for losses. These duties arise from the policy itself, Louisiana jurisprudence, and duties implied in every contract in Louisiana.

29) Defendant, by and through its adjusters, representatives, agents, servants, and employees, have breached the contract of insurance with Plaintiff in the following non-exclusive respects:

- (a) By failing to indemnify its insured, and by relying upon a policy exclusion to deny payment which is, and should be inapplicable given the circumstances of the claim;

- (b) By failing to pay all benefits available and improperly interpreting the Policy so as to attempt to avoid obligations imposed by the Policy and Louisiana law;

- (c) By denying payment on Plaintiff's claim without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

- (d) By failing to meet its affirmative burden of establishing which part of Plaintiff's loss was caused by an excluded peril;

- (e) By improperly shifting the burden to Plaintiff of proving that his loss was not excluded by the policy;

- (f) By failing to conclusively, and objectively determine the proximate and efficient cause of loss;

- (g) By failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject property and/or disregarding evidence from experts and/or consultants retained by Plaintiff;

- (h) By basing its failure to tender payment upon a nonobjective and scientifically unreliable engineering report;

- (i) By negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiff's

      insured losses;

(j) By basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiff's loss;

(k) By basing its failure to tender payment based on an investigation and adjustment by an adjuster unqualified to determine the proximate cause of loss unqualified adjuster;

(l) By failing to construe the policy in favor of coverage for Plaintiff's insured loss;

(m) By choosing to delay and withhold payment of Plaintiff's covered losses, thereby proximately causing Plaintiff to incur consequential damages, including: additional repair costs, expert fees, attorney fees, and litigation expenses.

30) As a result of these breaches of its insurance contract, Plaintiff has been unable to make necessary repairs to return the property to its pre-loss condition due to extensive damages and has lost the benefit of the use of the insured home, all of which entitles Plaintiff to recover actual, compensatory, and consequential damages, with interest, costs of this action, and other equitable relief.

## B. Breach of Duty of Good Faith and Fair Dealing Under La. R.S. 22:1973

31) Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs 1-30, above as if restated herein.

32) Defendant has a duty of good faith and fair dealing which imposes on the insurer "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." LA. R.S. § 22:1973(A)

33) Defendant has breached its duty of good faith and fair dealing in the following non-exclusive respects:

(a) By unjustifiably denying insurance coverage for Plaintiff's covered loss;

(b) By denying payment on Plaintiff's claim without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

(c) By failing to meet its affirmative burden of establishing which part of Plaintiff's loss

was caused by an excluded peril;

(d) By improperly shifting the burden to Plaintiff of proving that his loss was not excluded by the policy;

(e) By failing to conclusively, and objectively determine the proximate and efficient cause of loss;

(f) By failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject property and/or disregarding evidence from experts and/or consultants retained by Plaintiff;

(g) By basing its failure to tender payment upon a nonobjective and scientifically unreliable engineering report;

(h) By negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair and prompt investigation and adjustment regarding Plaintiff's insured losses;

(i) By basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiff's loss;

(j) By basing its failure to tender payment based on an investigation and adjustment by an adjuster unqualified to determine the proximate cause of loss unqualified adjuster;

(k) By failing to construe the policy in favor of coverage for Plaintiff's insured loss;

34) Defendant's breaches of its duty of good faith and fair dealing have proximately caused Plaintiff to incur consequential damages including ongoing repairs, costs of remediation, retaining experts, thus entitling Plaintiff to actual, compensatory, and general damages.

35) Plaintiff is further entitled to have penalties assessed against Defendants pursuant to La. R.S. 22:1973(C) for unjustifiably delaying and/or withholding payment.

### C. Breach of Statutory Duty and Penalties Under La. R.S. 22:1892(B)(1) (2019)

36) Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs 1-35, above as if restated herein.

37) Defendant has a statutory duty of good faith set forth under La. R.S. 22:1892(A)(4) requiring a written offer to settle any property damage claim with thirty days of receiving

satisfactory proof of loss. Similarly, 22:1973(B)(5) requires payment within sixty days of satisfactory proof of loss submitted by Plaintiff (the insured). "Satisfactory proof of loss" merely requires "sufficient information to act on the claim, the manner in which it obtains the information is immaterial." *Sevier v. U.S. Fid. & Guar. Co.,* 497 So.2d 1380, 1384 (La.1986).

38) Defendant has breached its statutory duties under La. R.S. 22:1892(A)(4) and La. R.S. 22:1973(B)(5), in the following non-exclusive respects:

(a) by intentionally denying and withhold payments for Plaintiff's covered losses well in excess of thirty days after receipt of satisfactory proof of loss, acting in a manner that was arbitrary, capricious and/or without probable cause;

(b) by failing to make timely tender and/or adequate payment after receiving satisfactory proof of loss by way of its own inspections of the Property, as well as independent proofs of loss from estimates generated by Plaintiff's experts, and formal demand letters;

(c) by failing to make timely tender of undisputed funds after receiving satisfactory proof of loss by way of its own inspections of the Property, as well as independent proofs of loss from estimates generated by Plaintiff's experts;

(d) by intentionally refusing to communicate with Plaintiff and his representatives regarding the status of loss adjustment, the nature of any coverage dispute or disagreement regarding damages or valuation, or make any effort to settle the claim;

(e) by intentionally refusing to make payment within sixty days of receipt of proof of loss, acting in a manner that is arbitrary, capricious and/or without probable cause, in violation of La. R.S. 22:1973(B)(5).

39) As a result of Defendant's unjustifiable breach of its statutory duties under 22:1892(A)(4) and La. R.S. 22:1973(B)(5), Plaintiff has incurred actual, consequential damages including ongoing repairs, costs of remediation, retaining experts, thus entitling Plaintiff to actual, compensatory, and general damages.

40) Defendant's breach of its statutory duty is arbitrary, capricious, and without probable cause, thus Plaintiff is further entitled to have penalties assessed against Defendants pursuant to La. R.S. 1892(B)(1).

## V.   DAMAGES

41)     Plaintiff realleges and re-avers the allegations contained in Paragraphs 1-40, above, as if restated herein.

42)     Plaintiff shows that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

43)     As a result of the actions of Defendant described herein, Plaintiff is entitled to recover the following nonexclusive damages:

(a) Actual costs of repairs and remediation;

(b) Diminution of the value to the Property;

(c) Reimbursement for personal repairs of the Property;

(d) Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

(e) Additional living expenses;

(f) Emergency and temporary repair expenses,

(g) Loss of Use;

(h) Mental anguish and emotional distress;

(i) Actual, compensatory, and general damages proximately caused by Defendant's breaches of duties and breaches of contract;

(j) General, special, and punitive damages under LA. R.S. §22:1973 and §22:1892(B);

(k) Reasonable attorney's fees and costs pursuant to LA. R.S. § 22:1892 (B);

(l) Costs of prosecution of this action and judicial interest of all damages from the date of judicial demand until paid;

(m) Cost of retaining expert witnesses including, but not limited to: public adjusters, appraisers, engineers, or other consultants; and

(n) All other losses that will be proven through discovery or at the trial of this matter.

## VI.   JURY DEMAND

44) Plaintiff requests a trial by jury for all issues so triable.

## VII. PRAYER

WHEREFORE, Plaintiff, CHERRY TALBERT, prays that Defendant, IMPERIAL FIRE & CASUALTY INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiff, CHERRY TALBERT, and against Defendant, IMPERIAL FIRE & CASUALTY INSURANCE COMPANY, in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

*/s Sophia J. Johnson*_____
SOPHIA J. JOHNSON, LSBA# 33205
GALEN M. HAIR, LSBA # 32865
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd. W., Ste. 300
Metairie, LA 70001
TELEPHONE: (504) 684-5200
FACSIMILE: (504) 613-6351
E-MAIL:  johnson@hairshunnarah.com

**PLEASE SERVE WITH SUMMONS AND COMPLAINT:**

IMPERIAL FIRE & CASUALTY INSURANCE COMPANY
*Via Registered Agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809